Slip Op. 10-104

# UNITED STATES COURT OF INTERNATIONAL TRADE

```
-------------------------------------------------------x
                                                       :
UNITED STATES STEEL                                    :
CORPORATION,                                           :
                                                       :
           Plaintiff,                                  :
                                                       :
           and                                         :
                                                       :
NUCOR CORPORATION,                                     :
                                                       :
           Plaintiff-Intervenor,                       :
                                                       :
           v.                                          :
                                                       :
UNITED STATES,                                         :
                                                       :
           Defendant.                                  :
_____:                   Before: Judith M. Barzilay, Judge
                                                       Consol. Court No. 08-00239
ESSAR STEEL LIMITED,                                   :
                                                       :
           Plaintiff,                                  :
                                                       :
           v.                                          :
                                                       :
UNITED STATES,                                         :
                                                       :
           Defendant,                                  :
                                                       :
           and                                         :
                                                       :
UNITED STATES STEEL                                    :
CORPORATION and NUCOR                                  :
CORPORATION,                                           :
                                                       :
           Defendant-Intervenors.                      :
                                                       :
-------------------------------------------------------x
```

# OPINION

[The court sustains the U.S. Department of Commerce's Final Results of Redetermination Pursuant to Court Remand.]

Dated: September 13, 2010

*Skadden Arps Slate Meagher & Flom, LLP* (*Robert E. Lighthizer*, *Jeffrey D. Gerrish*, *Stephen J. Narkin*, and *Nathaniel B. Bolin*), for Plaintiff and Defendant-Intervenor United States Steel Corporation.

*Wiley Rein LLP* (*Alan H. Price* and *Timothy C. Brightbill*), for Plaintiff-Intervenor and Defendant-Intervenor Nucor Corporation.

*Tony West*, Assistant Attorney General; *Jeanne E. Davidson*, Director; *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*David D'Alessandris*) for Defendant United States; *David Richardson*, Office of the Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for Defendant.

*Arent Fox LLP* (*Mark P. Lunn* and *Diana Dimitriuc Quaia*), for Plaintiff Essar Steel Limited.

Barzilay, Judge: This case returns to the court following the U.S. Department of Commerce's ("the Department" or "Commerce") remand determination on the fifth administrative review of a countervailing duty order covering certain hot-rolled carbon steel flat products from India.[1] *Final Results of Redetermination Pursuant to Court Remand*, C-533-821 (Dep't of Commerce July 15, 2010) ("*Remand Determination*"). In December 2009, the court affirmed in part and remanded in part Commerce's final results on the review of the subject

---

[1] This review covers the period from January 1, 2006 through December 31, 2006.

countervailing duty order.² *U.S. Steel Corp. v. United States*, Slip Op. 09-152, 2009 WL 5125921 (CIT Dec. 30, 2009) ("*U.S. Steel Corp. I*"); *Certain Hot-Rolled Carbon Steel Flat Products from India*, 73 Fed. Reg. 40,295 (Dep't of Commerce July 14, 2008) ("*Final Results*"). More specifically, the court ordered Commerce to support with substantial evidence its decision to include or deduct the Central Sales Tax from the government price for iron ore lumps and fines in the agency's analysis of the adequacy of remuneration.³ *See U.S. Steel Corp. I*, 2009 WL 5125921, at *15. The court granted the agency's request for a voluntary remand to adjust certain freight and transportation costs included in the government price for iron ore fines. *See id.* at *10, *15. The Department also obtained a voluntary remand to address more fully two other issues: whether Essar Steel Limited ("Essar") benefitted from two state programs, the State of Andhra Pradesh Industrial Policy and the State of Chhattisgarh Industrial Policy. *See id.* at *15-16. For the reasons explained below, the court sustains the agency's *Remand Determination*.

## I. Standard of Review

The court will not uphold an agency determination "unsupported by substantial evidence on the record." 19 U.S.C. § 1516a(b)(1)(B)(i). Only when the agency provides relevant and reasonable evidence to buttress the conclusions does it provide the requisite record support. *See Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *NMB Sing. Ltd. v. United States*, 557 F.3d 1316, 1319-20 (Fed. Cir. 2009). The agency must connect the record evidence to its

---

² The court presumes familiarity with the procedural history of the case.

³ To determine whether a foreign government bestows a benefit in the sale of goods upon a company, the Department determines the adequacy of remuneration by comparing the government price with a market-determined benchmark price for the goods in the country subject to the review. 19 U.S.C. § 1677(5)(E).

conclusions in a "reasonably discernible" fashion, though the court does not require perfection from the agency in its explanations. *NMB Sing. Ltd.*, 557 F.3d at 1319. The statutory standard created by Congress necessitates that the agency, at a minimum, explain the standards applied and rationally connect them to the conclusions drawn from the record. *See Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Ins. Co.*, 463 U.S. 29, 43 (1983); *Matsushita Elec. Indus. Co. v. United States*, 750 F.2d 927, 933 (Fed. Cir. 1984). That record evidence could foster two inconsistent conclusions does not prevent an agency from supporting its determination with substantial evidence, *see Thai Pineapple Pub. Co. v. United States*, 187 F.3d 1362, 1365 (Fed. Cir. 1999), and the court may not displace the agency's choice for its own. *See Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951).

## II. Discussion

### A. The Benefit Determination for the Government of India's Sales of Iron Ore Lumps and Fines

#### 1. The Central Sales Tax and Import Duties

On remand, Commerce concluded that record evidence supported adding the Central Sales Tax to the government prices for iron ore lumps and fines. *Remand Determination* at 2-3. As a result, the Department also added certain import duties and fees to the corresponding benchmark prices to ensure a fair comparison in the remuneration analysis. *Id.* at 2-3, 38. Essar alleges that Commerce erroneously added three additional import duties to these benchmark prices. Essar Comments 6-10. The company claims that the three import taxes qualify for credit under a particular Indian excise tax regulation. Essar Comments 7-10.

**Consol. Court No. 08-00239** Page 5

The Department supported with substantial evidence its decision to include the Central Sales Tax and certain import duties to the government and benchmark prices for iron ore lumps and fines. A company's purchases from a foreign government normally should account for all domestic taxes or other fees paid on that input to ensure an appropriate level of comparability. 19 C.F.R. § 351.511(a)(2)(i). While the case was on remand, Commerce placed on the record import documentation with details of all duties paid on Essar's imports of iron ore lumps from an unaffiliated private supplier that the agency had obtained in a subsequent administrative review of the subject merchandise. Admin. R. Confidential Doc. 1165 at 9, Ex. 2. Commerce added these import duties to the benchmark price for iron ore lumps. *Remand Results* at 3. No record evidence suggests that these three particular import duties automatically qualified for credit at the time of entry, as Essar claims, or that the company in fact received such credits during the period of review.[4] Thus, the agency satisfied its duty to ensure appropriate levels of comparability. 19 U.S.C. § 1677(5)(E) ("[T]he adequacy of remuneration shall be determined in relation to prevailing market conditions for . . . the goods being purchased in the country which is subject to the . . . review. Prevailing market conditions include price, quality, availability, marketability, transportation, and other conditions of purchase or sale."); *Matsushita Elec. Indus. Co.*, 750 F.2d at 933.

---

[4] Essar argues that, in a prior review, the Department automatically credited some of these excises to an interested party under a domestic tax regime. Essar Br. 6-10. However, even assuming a prior administrative review carries legal weight in the current proceeding, Essar fails to explain how the practice in that context applies when the agency is specifically charged in the statute and regulation to include all relevant import duties when providing a comparable benchmark for the purpose of determining the adequacy of remuneration.

Consol. Court No. 08-00239                                                                  Page 6

### 2. Freight and Transportation Costs

As a result of its findings on remand, Commerce made certain freight and transportation adjustments to both the government and benchmark prices for iron ore lumps and fines.[5] *Remand Determination* at 3-5, 7-8, 26-41. Essar challenges various aspects of the Department's modifications. First, it avers that the agency incorrectly added freight amounts for transportation from Vizag to Hazira in the benchmark price for iron ore fines, since the company never ships the product to Hazira. Essar Comments 10-13. Consequently, Essar contends that the agency may not include these charges under the auspices of § 351.511(a)(2)(iv) because that regulation may apply only to a comparison between identical goods   i.e., iron ore fines. Essar Comments 10-13. Second, Essar argues that the iron ore lumps benchmark price double-counts certain landing charges and does not uniformly include banking and insurance charges in the government and benchmark prices.[6] Essar Comments 14-17.

---

[5] None of the parties contests the Department's conclusions on the slurry pipe transportation costs. *See generally* Essar Comments; Nucor Comments; U.S. Steel Comments. Commerce relied on a company press release that estimated the slurry pipe transportation costs and the date upon which the slurry pipe became operational, March 2006. *Remand Determination* at 4-5 (citing Admin. R. Pub. Doc. 48 Ex. 30). In so doing, the agency used estimated slurry pipe transportation costs for iron ore fine purchases from the Government of India made on or after the date that the slurry pipe became operational. Admin. R. Pub. Doc. 48 Ex. 30. While estimated costs normally present less than ideal evidence to reflect actual costs incurred, the court finds that the Department supported its conclusion with substantial evidence. *See Matsushita Elec. Indus. Co.*, 750 F.2d at 933.

[6] No evidence on the record demonstrates that the Hazira port and inland freight charges include the landing charges in question, as Essar claims. Similarly, Essar does not provide any information on banking and insurance charges related to the company's purchases from the Government of India during the period of review or on whether the purchase price included such charges. Therefore, these arguments do not detract from the agency's reasonable adjustments to the government and benchmark prices.

Consol. Court No. 08-00239                                                                                              Page 7

Commerce "will adjust the comparison price to reflect the price that a firm actually paid or would pay if it imported the product," including all "delivery charges and import duties." § 351.511(a)(2)(iv). The agency added fees to the government prices for iron ore lumps and fines associated with the Vizag port and transportation from Vizag to the company's steel factory in Hazira, amounts which Commerce incidentally omitted in the *Final Results*. *Remand Results* at 3-4, 8 (citing Admin R. Confidential Doc. 1193 at 1-3, Exs. 1(a)-(e)). Commerce included these same figures in the benchmark price for iron ore fines.[7] *Id.* at 8 (citing Admin R. Confidential Doc. 1193 at 1-3, Exs. 1(a)-(e)), 32. The agency did not apply these charges to the benchmark price for iron ore lumps because record evidence demonstrates that the unaffiliated private supplier shipped the goods directly to Hazira; however, the Department updated inland freight costs and captive jetty fees in that benchmark. *Id.* (citing Admin. R. Confidential Doc. 1193 at 3, Ex.1(e)). The Department's changes mirror the adjustments Commerce must make to ensure a sufficient level of comparability, § 1677(5)(E); § 351.511(a)(2)(iv), and the agency justified the revised government and benchmark prices. *Matsushita Elec. Indus. Co.*, 750 F.2d at 933.

**B. The Benefit Determination for Two State Program**

A subsidy occurs when a foreign government provides a financial contribution to a specific industry and a recipient within the industry receives a benefit as a result of that

---

[7] In calculating delivery charges for the benchmark price for iron ore fines, Commerce assumes that the goods must follow a delivery route identical to that taken by Essar's orders from the Government of India. *See Remand Determination* at 32. The Department rationally bases its assumption on the fact that Essar must first convert imported iron fines into pellets at the company's pelletization plant near Vizag before it can ship the resulting items to Hazira for use in the production of the subject merchandise. *Id.* at 40 (citing Essar Rule 56.2 Mot. 28).

contribution. § 1677(5)(B). Commerce must demonstrate that the recipient availed itself of the financial contribution in such a way that the company used the government program at issue and received a benefit thereunder. *Id.* Commerce determined on remand that Essar did not use the State of Andhra Pradesh Industrial Policy or the State of Chhattisgarh Industrial Policy during the period of review. *Remand Determination* at 5-6, 9-10, 16-17, 22-23. The court addresses below U.S. Steel's complaints against the Department's conclusions on these programs.[8]

**1.  The State of Andhra Pradesh Industrial Policy**

U.S. Steel complains that, in its review of the Andhra Pradesh program, Commerce unreasonably narrowed its focus on remand to whether a single facility received stamp and transfer duties reimbursements.[9] U.S. Steel Comments 4-5. U.S. Steel also argues that the following points undercut the agency's conclusion: (1) changes to Essar's land values during the period of review; (2) an alleged incomplete copy of the Andhra Pradesh Stamp Act, which served as the basis for the Department's conclusions that some of Essar's transactions were exempt from stamp and transfer duties; (3) information submitted by U.S. Steel that the Department deemed untimely; and (4) the lack of evidence suggesting that the copy of the Andhra Pradesh Stamp Act submitted by Essar corresponds to the period of review. U.S. Steel Comments 5-8.

---

[8] Nucor adopts U.S. Steel's arguments on these issues in whole. Nucor Comments 4.

[9] The Court generally affords the Department reasonable discretion to establish the breadth of its review of a particular issue on remand so that the agency may reach the most accurate results. *Am. Silicon Techs. v. United States*, 334 F.3d 1033, 1038-39 (Fed. Cir. 2003). That the Department maintained the same scope of review in the *Final Results* and on remand alone does not undercut the agency's reasonable conclusions in the *Remand Determination*.

Commerce reasonably concluded that Essar did not use and thus benefit from the program. Essar made no qualifying land or building purchases during the period of review. Admin. R. Confidential Doc. 1233 at 2, Ex.1. Although Essar engaged in exempt property transfers with affiliated companies, Admin. R. Confidential Doc. 1193 Exs. 2-3, 6, the only relevant transaction occurred outside of the period of review. Admin. R. Confidential Doc. 1233 at 2, Ex.1. While the total number of Essar's facilities in the eligible areas of Andhra Pradesh increased during the period of review, these additions merely reflected Essar's standard accounting procedures for capital expenditures, a practice consistent with Indian General Accepted Accounting Principles, and not use of the subject program. Admin. R. Confidential Doc. 1193 at 6-7. More importantly, the new buildings in question did not qualify for benefits under the program because record evidence indicated that they were outside the eligible zone in Andhra Pradesh. Admin. R. Confidential Doc. 1193 Exs. 2, 4-6. In view of the available data, the Department relied on such relevant evidence that "a reasonable mind might accept as adequate to support a conclusion," *Atl. Sugar, Ltd. v. United States*, 744 F.2d 1556, 1562 (Fed. Cir. 1984) (quotation marks & citation omitted), and the court therefore sustains the agency's finding that Essar did not benefit from the State of Andhra Pradesh Industrial Policy.

U.S. Steel submitted documents out of time that arguably could have contributed to the agency's analysis, but Commerce disregarded the evidence as ineligible new factual information under the relevant regulations. *Remand Results* at 17. Nevertheless, had U.S. Steel filed the information in a timely fashion, it still would not undercut the agency's reliance on other record information to form a reasonable conclusion. *See Thai Pineapple Pub. Co.*, 187 F.3d at 1365.

Moreover, even assuming that Essar submitted an undated and incomplete copy of the Andhra Pradesh Stamp Act, U.S. Steel's argument does not overcome the fact that Essar's facilities remained ineligible to receive these benefits under the program. Admin. R. Confidential Doc. 1193 Exs. 2, 4-6.

### 2. The State of Chhattisgarh Industrial Policy

U.S. Steel contends that a letter upon which Commerce relied to determine that Essar did not benefit from the Chhattisgarh program does not provide a reasonable basis for the agency's conclusion. U.S. Steel Comments 10-12. U.S. Steel claims that program policies change over time and that the *post hoc* letter does not address Essar's facilities as they existed during the period of review. U.S. Steel Comments 10-12. U.S. Steel also claims that the Department overlooked other evidence that suggests Essar applied for other benefits under the program. U.S. Steel Comments 12-13. In U.S. Steel's view, the agency erred when it concluded that the 2008 letter rendered this evidence moot. U.S. Steel 12-13.

The totality of the evidence supports the Department's conclusion that Essar's benefication plant did not qualify for benefits under the program. The charter for the subject industrial policy spells out which facilities in particular areas of the state may qualify for benefits under the program from 2004 to 2009. Admin. R. Confidential Doc. 1229 Ex. 4. The document expressly excludes those units engaged in the "[p]owdering of [m]inerals," Admin. R. Confidential Doc. 1229 Ex. 4, 22, the type of activity performed by Essar at its plant. Essar engaged in a limited number of processes related to iron ore fines at the company's plant, such as "grinding the ore to cleaning, gravity separation and magnetic separation of the ore," and the

resulting products are "suitable for further processing or direct use."  Admin. R. Confidential Doc. 1229 at 7.  Equally important, a letter in the record from the relevant state ministry states that Essar could not have received any benefits under the program because the company's operations did not fall within the ambit of covered industrial activities.  Admin R. Confidential Docs. 1193 Ex. 9, 1229 Ex. 4.  That the ministry letter did not originate during the period of review does not undercut its legal effect; the letter definitively states that Essar's activities do not qualify for any benefits under the program from 2004 to 2009.  Admin. R. Confidential Doc. 1193 Ex. 9.  Finally, it does not follow logically that Essar received other benefits simply because the company applied for the program.  In basing its decision on the available information, the agency drew a rational connection between the record and its conclusion, *see Matsushita Elec. Indus. Co.*, 750 F.2d at 933, and correctly found that Essar did not use this program.

### III.  Conclusion

For the foregoing reasons, the court **SUSTAINS** the Department's adjustments to the government and benchmark prices, including the addition of the Central Sales Tax to the government price for iron ore lumps and fines and the inclusion of certain import duties and fees to the benchmark prices.  The court also **SUSTAINS** the agency's adjustments to the government and benchmark prices for certain delivery and handling expenses and to the government iron ore fines price for slurry pipe transportation costs.  Finally, the court **SUSTAINS** the Department's

determination that Essar did not benefit from either the State of Andhra Pradesh Industrial Policy or State of Chhattisgarh Industrial Policy.


Dated:   September 13, 2010                                                   /s/ Judith M. Barzilay
             New York, New York                                              Judith M. Barzilay, Judge

Slip Op. 10-104

## UNITED STATES COURT OF INTERNATIONAL TRADE

------------------------------------------------------x
: 
UNITED STATES STEEL : 
CORPORATION, : 
 : 
       Plaintiff, : 
 : 
       and : 
 : 
NUCOR CORPORATION, : 
 : 
       Plaintiff-Intervenor, : 
 : 
       v. : 
 : 
UNITED STATES, : 
 : 
       Defendant. : 
_____:     **Before: Judith M. Barzilay, Judge**
 :     **Consol. Court No. 08-00239**
ESSAR STEEL LIMITED, : 
 : 
       Plaintiff, : 
 : 
       v. : 
 : 
UNITED STATES, : 
 : 
       Defendant, : 
 : 
       and : 
 : 
UNITED STATES STEEL : 
CORPORATION and NUCOR : 
CORPORATION, : 
 : 
       Defendant-Intervenors. : 
 : 
------------------------------------------------------x

**Consol. Court No. 08-00239**                                                                                                              **Page 2**

## JUDGMENT

Upon consideration of the U.S. Department of Commerce's *Final Results of Redetermination Pursuant to Court Remand*, the comments filed by the parties, the record evidence in the fifth administrative review of the subject merchandise, the court's opinions in this case on December 30, 2009 and September 13, 2010, and all other papers filed in this matter, it is hereby

**ORDERED** that the U.S. Department of Commerce's conclusions on remand are **SUSTAINED**; it is further

**ORDERED** that the U.S. Department of Commerce's administrative findings for the fifth administrative review are **SUSTAINED**; and it is further

**ORDERED** that this case is **DISMISSED**.


Dated:   September 13, 2010                                                      /s/ Judith M. Barzilay
             New York, New York                                                   Judith M. Barzilay, Judge